UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONATHON CARTER                                                             CIVIL ACTION

VERSUS                                                                             NO. 12-1545

HORNBECK OFFSHORE                                                    SECTION "K"(4)
TRANSPORTATION, LLC, ET AL.

ORDER AND REASONS

Before the Court are a Motion to Strike Errata Sheet of Jonathon Carter (Doc. 36) and a Motion in Limine to Exclude Expert Edward Geoffrey Webster (Doc. 60) filed by Hornbeck Offshore Transportation, L.L.C. and Hornbeck Offshore Operators, L.L.C. ("Hornbeck"). Having reviewed the pleadings, memoranda and the relevant law, the Court is prepared to rule.

**Motion to Strike Errata Sheet**

Hornbeck seeks to strike from the record the deposition errata sheet of plaintiff, Jonathan Carter. Hornbeck contends that the changes Mr. Carter seeks are substantive in nature and that he has failed to state the reasons for such corrections adequately to satisfy the plain language of Fed. R. Civ. P. 30(e). Moreover, Hornbeck maintains that these changes materially alter the plaintiff's deposition.

Rule 30(e) provides:

(1)   *Review; Statement of Changes.* On request by the deponent . . ., the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
(A) to review the transcript or recording; and
(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e).

The Fifth Circuit has not addressed the scope of permissible substantive corrections to a deposition under Rule 30(e). *Poole v. Gorthon Lines AB,* 908 F.Supp. 2d 778, 785 (W.D.2012). Other federal courts have varied in their approaches to allowing deposition corrections pursuant to this rule; there have been both narrow and broad readings of the rule. *Id*. at 785-86 and cases cited therein. The broad interpretation of the rule permits a witness to change the form or the substance of the deposition testimony. In that instance, both the original and amended versions of the changed deposition testimony remain in the record, and the witness must explain the changes to the fact finder. *Gautreaux v. Apache Corporation*, 2010 WL 3982279, *6 (E.D.La. Oct. 8, 2010).

The Court finds that the changes requested are in the nature of clarification rather than substantive change. Moreover, even if they were more substantive in nature, in this bench trial, Hornbeck shall have the opportunity to cross-examine this witnesses concerning these changes. As such, the Court finds that the motion is without merit. Accordingly,

**IT IS ORDERED** that the Motion to Strike Errata Sheet of Jonathon Carter (Doc. 36) is **DENIED**.

**Motion in Limine to Exclude Expert Edward Geoffrey Webster**

Hornbeck moves the Court to exclude any opinions offered by Geoffrey Webster regarding the safety of the operation at issue in this litigation. Defendants contend that his opinions are not based upon facts in the record. Specifically, Hornbeck contends that Webster has "created factual testimony to support his safety determinations." (Doc. 68 at 1).

*Daubert* motions primarily based on attacks concerning the underlying facts are less than compelling in the context of a non-jury trial such as this. In essence, Hornbeck's motion to

exclude this expert requires the Court to make credibility determinations on facts and testimony that are not yet before the Court. As this Court stated in *St. Joseph Abbey v. Castille*, 2011 WL 2182046 (E.D.La. June 3, 2011),

> [This] approach is not contemplated under a *Daubert* challenge. "[T]he reliability of data underlying an expert's opinion goes to the weight of this evidence, but should not serve as a basis for its exclusion. *See Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 392-93 (5th Cir. 2002)." *General Electric Capital Business Asset funding Corp. v. S.A.S.E. Military Ltd.,* 2004 WL 5495590, *4 (W.D. Tex. Oct. 21, 2004). As further discussed in *General Electric Capital Business:*
>> Courts should not [be] lured by arguments disguised as *Daubert* challenges that actually attack the weight of the expert testimony, not its admissibility. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility , and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Hartley*, 310 F.3d at 1061 (*quoting Bonner v. ISP Tech., Inc.,* 259 F.3d 924, 929-30 (8th Cir. 2001) (internal citations and quotations omitted). Therefore, challenges to the factual bases or underpinnings of an expert opinion usually go only to weight and credibility of the evidence, not admissibility. *Moss v. Ole South Real Estate, Inc.*, 993 F.2d 1300, 1307 (5th Cri. 1991); *Matador Drilling Co. v. Post*, 662 F.2d 1190, 1199 (5th Cir. 1981).

*Id.* at *5.

> As Judge Barbier noted in *Thompson v. Rowan Companies, Inc.*, 2007 WL 724646 (E.D.La. March 6, 2007):
>> . . . that purpose of [a] *Daubert* motion is "to ensure that only reliable and relevant expert testimony is presented to the jury." *Rushing v. Kansas city Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds), *citing Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93, 1113 S. Ct. 2786, 125 L.Ed.2d 469 (1993). Thus, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where the a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)." *Daubert* requires a binary choice-admit or exclude- and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it

> deserves." *SmithKline Beecham Corp. v. Apotex Corps.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003).
>
> *Thompson*, at *1.
>
> The case at bar is a bench trial. Thus, the objectives of *Daubert* are no longer implicated. Furthermore, "'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.' *Daubert*, 509 U.S. at 596." *Deville v. Comar Marine Corp.*, 2009 WL 1870896 (E.D.La. June 25, 2009).

*St. Joseph Abbey*, 2011 WL 2182046 at *1-2.

Likewise in the case at bar, Hornbeck will have its opportunity to cross examine this expert and present contrary evidence. It will be at that time that the Court will determine precisely how much weight will be given to this testimony. As such, the Court finds that this motion is without merit. Accordingly,

**IT IS ORDERED** that the Motion in Limine to Exclude Expert Edward Geoffrey Webster (Doc. 60) is **DENIED**.

New Orleans, Louisiana, this 26th day of June, 2014.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**